IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDWARD LAWTON SPIVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:19-cv-670 |
| ) | |
| MOHAWK ESV, INC., ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Having succeeded on its motion for summary judgment, defendant Mohawk ESV, Inc. requests taxing of costs under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1). Plaintiff Edward Spivey objects to Mohawk's bill of costs, which requests costs in the amount of $7,300.85. Spivey also asks the court for a stay on assessing any costs until his appeal to the Fourth Circuit is resolved. The court referred the bill of costs and Spivey's objections to Magistrate Judge Robert Ballou for a Report and Recommendation (R&R). (Dkt. No. 43.) In his R&R, Judge Ballou recommends that costs be awarded in the amount of $6,550.85 and, further, that the award not be stayed pending appeal. (*Id.*) Spivey objects to the Report's findings. The court agrees with the magistrate judge's findings in the R&R.

The court will not defer ruling on the bill of costs pending appeal and will issue an order awarding costs to Mohawk in the amount of $6,550.85.

I. BACKGROUND

On October 4, 2019, Spivey sued Mohawk under the Age Discrimination in Employment Act, alleging that Mohawk had terminated him on account of his age. The court granted summary judgment in favor of Mohawk, finding that Spivey failed to make a prima facie case of

age discrimination. Spivey has appealed this ruling to the Fourth Circuit. As the prevailing party, Mohawk submitted a bill of costs to be paid by Spivey. In its bill of costs, Mohawk requests (1) $6,530.85 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, (2) $20.00 for docket fees under 28 U.S.C. 1923 and, (3) $750.00 in other costs. Spivey objects to Mohawk's bill of costs, arguing that these costs were excessive and that the summary judgment decision was too close to warrant costs. On referral, Judge Ballou, in his R&R, finds that Mohawk should receive $6,550.85, leaving out only the $750.00 in other costs. Judge Ballou also recommends that the court not stay the award pending Spivey's appeal. Spivey objects to Judge Ballou's findings. Mohawk responded to Spivey's objection but did not object to the R&R.

## II. DISCUSSION

### A. De Novo Review of R&R

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

### B. Bill of Costs

A prevailing party may submit a list of its costs prescribed by statute for the other party to pay. Fed. R. Civ. P. 54(d)(1). When assessing whether the losing party ought to be taxed, the court may exercise its discretion when considering the following factors: "(1) misconduct by the

prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011).

Spivey claims that the issues in this case were closely decided, but this assertion is unsupported by the record. This case was decided in the summary judgment phase, indicating that the decision was not close or difficult. *See Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc.*, No. 5:06-CV-160-D, 2012 WL 776945, at *3 (E.D.N.C. Mar. 8, 2012) (noting that "[a] case resolved via summary judgment generally does not involve close or difficult issues that justify not awarding costs") (citing *McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005)). Though Spivey points to a summary judgment case that the court had found to be closely decided, that case was determined by "a narrow issue for which little guiding precedent existed and on which the evidence fell close to the line." *Trail v. Util. Trailer Mfg. Co.*, 1:18CV00037, 2020 WL 2039242, at *2 (W.D. Va. Apr. 28, 2020). In that case, the court also required supplemental briefing before it could make its decision. *Id.* None of those complications exist in this case. Regardless, "[a] case's closeness 'is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficultly of discerning the law of the case.'" *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va. 2001) (citing *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728 (6th Cir. 1986)). As Spivey was unable to create a single issue of material fact or present any issues that required closer inspection by the court, the court's decision was not close.

Spivey also asserts that he brought his claims in good faith, and Mohawk does not dispute this. Nevertheless, good faith alone is not justification for denying an award of costs. *Ellis*, 434 F. App'x at 235.

As Spivey has failed to show any factors besides good faith, the court will assess all costs allowed by statute.

**1. Transcripts Costs**

Spivey alleges that some of Mohawk's listed transcript costs are not allowed under 28 U.S.C. § 1920. Specifically, he claims some costs come from expediting transcripts, court reporter attendance, and document hosting fees. There is no evidence in the record to suggest that any of transcript costs were increased due to expedition. In fact, only two transcript bills list a delivery speed, and that speed is "normal" (Dkt. No. 34). As for the other costs which Spivey claims are inadmissible: "the prevailing party is entitled to reimbursement for all costs incident to the deposition, including the cost of the court reporter's attendance and the deposition transcript cost." *Francisco v. Verizon S., Inc.*, 272 F.R.D. 436, 444 (E.D. Va. 2011). Spivey's objections as to ancillary costs of the depositions are overruled.

Spivey argues that because some of the depositions were not used by the court in its summary judgment ruling, these depositions should not be included in the assessed costs. Just because a deposition was not used in the court's ruling does not mean that it was not necessary for the case. Judge Ballou addressed this in the R&R, stating, "the relevant question in awarding costs for a deposition transcript is not so specific; instead, it is 'whether it was necessary to counsel's effective performance and proper handling of the case.'" (R&R 3 (citing *Delapp v. Shearer's Foods, Inc.*, No.1:15CV00020, 2016 WL 1718395, at *2 (W.D. Va. Apr. 29, 2016)).

4

The Fourth Circuit has specifically addressed this issue, writing that "[a] district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking." *La Vay Corp. v. Dominion Fed. Sav. & Loan Asso.*, 830 F.2d 522, 528 (4th Cir. 1987).  The depositions in question were necessary at the time of their taking, as those deposed had been identified by Spivey as potentially possessing knowledge relevant to the claims.  Consequently, the court agrees with Judge Ballou's R&R.

### 2. Docket Fees

Mohawk requests $20.00 in docket fees from Spivey.  Under 28 U.S.C. § 1920, the prevailing party's docket costs are taxed to the losing party under 28 U.S.C. § 1923.  Spivey offers no specific objection to the payment of docket fees, and his general objections under *Ellis* have already been addressed.  Without justification, the court cannot waive statutorily allowed costs.  *See Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.,* 899 F.2d 291, 296 (4th Cir.1990).  Becasue there is no valid objection from Spivey, the court grants Mohawk's request for $20.00 in docket fees.

### 3. Other Costs

Mohawk requests that Spivey be required to pay $750.00 for Mohawk's other costs.  These other costs specifically refer to an unexplained bill for $750.00 from Vested Partners related to a three-hour deposition.  The R&R found that the $750.00 in other costs was not allowed under 28 U.S.C. § 1920 as it did not fit into any category allowed by the statute.  The court will not grant costs that are not allowed by statute.  Mohawk did not object to the finding of the R&R regarding the Bill of Costs.  Under 28 U.S.C. § 636(b)(1)(C), failing to object to a portion of the magistrate judge's recommendations will be understood by the court as a waiver of objection.  As such, the

$750.00 in costs is unjustified. The court accepts the R&R's finding that the $750.00 in other costs is not allowed.

## C. Stay

Spivey asks the court to grant a stay until his appeal to the Fourth Circuit is resolved. Requests for a stay may be granted at the court's discretion, though the court must provide a valid reason. *Singleton v. Dept. of Correctional Educ.*, 1:03CV00004, 2003 WL 22299039, at *1 (W.D. Va. Oct. 3, 2003). The requested stay could be an unnecessary drain on judicial economy. *See Corepex Techs., Inc. v. WH Administrators, Inc.*, No. 1:17-CV-26 (LMB/MSN), 2017 WL 11501504, at *2 (E.D. Va. Oct. 2, 2017). If the court were to wait for the Fourth Circuit to resolve Spivey's appeal, then Spivey could make a separate appeal of the award, requiring unnecessary time and resources. A pending appeal is not a satisfactory reason to defer the assessment of costs; in fact, a pending appeal encourages a ruling. *Clehm v. BAE Sys. Ordnance Sys., Inc.*, Civil Action No. 7:16-cv-00012, 2018 WL 3978995, at *2 (W.D. Va. Aug. 20, 2018). Spivey does not give any other reasons to justify a stay. As such, Spivey has failed to show the court a suitable justification to stay the costs, and the court cannot stay the taxing of costs without a justification. *Singleton*, 2003 WL 22299039, at *1. For these reasons, the court does not grant a stay of costs.

### III. CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 43) is ADOPTED;
2. Plaintiff's objections (Dkt. No. 44) are OVERRULED; and
3. Costs are awarded to Mohawk in the amount of $6,550.85.

The clerk of court is directed to transmit a copy of this opinion to all counsel of record.

Entered: August 24, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge